UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| KENNETH EVELINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-00-3071 |
| | § | |
| JO ANNE B. BARNHART, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Kenneth Eveline is not disabled under the terms of the Social Security Act. It does.

Eveline brought this action for judicial review of the commissioner's final decision denying his claims for disability insurance benefits. 42 U.S.C. §§ 405(g), 416(i) and 423. Both sides have moved for summary judgment.

2. *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision. *See Richardson v. Perales*, 402 U.S. 389 (1971). In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail. Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a

conclusion. This court may not independently weigh the evidence, try issues afresh, or substitute its judgment for that of the secretary. *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3. *The Statutory Criteria.*

The law establishes a two-part test for determining disability. First, the claimant must suffer from a medically determinable impairment—physical or mental—that can be expected to last for at least twelve continuous months. 42 U.S.C. § 423(d)(1)(A). Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity. 42 U.S.C. § 423(d)(2)(A).

4. *Background.*

Eveline filed for disability benefits in February 2004. He claims his physical condition has made him disabled since February 1994 and has since held no gainful employment. He suffers from chronic lower-back pain. A friend of Eveline's testified about his limited daily activities. The evaluations of several doctors also speak to Eveline's condition. These findings convey conflicting accounts of Eveline's employment potential. The hearing officer relied on the medical evidence and the implausibility of Eveline's assertions to find that he was not entitled to benefits.

5. *Application.*

Despite Eveline's condition, there is no proof that it prohibits him from employment requiring light work. A five-step process was used by the hearing officer to determine Eveline's eligibility for benefits. He found that Eveline is able to perform light sedentary work; this was indicated by the medical evidence and Eveline's daily activities. This type of work does not include what Eveline did before 1994.

Although Eveline's condition limits the kinds of work he is able to do, he is not constrained from all employment. The hearing officer properly decided that employment fitting Eveline's condition exists in the national economy. An impairment is not a total

disability; restricted limited work is possible and must be done. Because Eveline's condition does not prevent him from working, he may not receive benefits.

6.      *Conclusion.*

The decision of the commissioner denying Eveline's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.

Signed July 7, 2005, at Houston, Texas.

 

 

Lynn N. Hughes    USDJ
United States District Judge